IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TONY HICKSON and LARRY VILLA, Individually and on behalf of all others Similarly situated, | § § § | |
| Plaintiffs, | § | No. 4:16-cv-3734 |
| -against- | § § | |
| KEANE GROUP HOLDINGS, LLC; KEANE FRAC TX, LLC; KEANE FRAC, LP; KEANE FRAC GP LLC; and KEANE FRAC ND, LLC | § § § § | |
| | § § | |
| Defendants. | § | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED
CLASS ACTION COMPLAINT**

Without waiving its defenses, Defendants answer Plaintiffs Tony Hickson's ("Hickson"), Larry Villa's ("Villa",) and Christopher Wilkins' ("Wilkins," *collectively* "Plaintiffs") First Amended Class Action Complaint in paragraphs that correspond by label and number as follows:

**SUMMARY**

1. The allegations in paragraph 1 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 1.

2. Defendants admit that Keane started in 1973, that it offers completion services to oil and gas companies, and that its services include hydraulic fracturing, engineered solutions, wireline technologies, coiled tubing, top hole air rig packages, and cementing. Defendants deny the remaining allegations in paragraph 2.

3. Defendants admit the allegations in paragraph 3.

4. Defendants admit that in January 2016 Keane agreed to a transaction that would triple its fracturing capabilities. Defendants deny the remaining allegations in Paragraph 4.

5. Defendants admit that it employs oilfield workers in various locations in the United States. Defendants deny the remaining allegations in Paragraph 5.

6. Defendants admit that QHSE Coordinators and Wireline Supervisors work on oil rigs. Defendants deny the remaining allegations in paragraph 6.

7. Defendants admit the allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8.

9. Defendants deny the allegations in paragraph 9.

10. Defendants deny the allegations in paragraph 10.

11. Defendants deny the allegations in paragraph 11.

12. Defendants deny the allegations in paragraph 12.

13. Defendants deny the allegations in paragraph 13.

14. Defendants deny the allegation that Keane deprived Plaintiffs and similarly situated employees of their lawfully earned wages. The remaining allegations in paragraph 14 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendants deny the remaining allegations in paragraph 14.

15. The allegations in paragraph 15 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 15.

## JURISDICTION AND VENUE

16. The allegations in paragraph 16 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 16.

17. The allegations in paragraph 17 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 17.

18. Defendants admit the allegations in paragraph 18.

## PARTIES

19. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 19 and, therefore, deny same.

20. Defendants admit that Hickson worked for Keane Group Holdings from March 17, 2014 until September, 27 2016 as a QHSE Coordinator and from September 28, 2016 until November 4, 2016 as an HSE Coordinator. Defendants deny the remaining allegations in paragraph 20.

21. Defendants admit that Hickson was an "employee" of Keane Group Holdings LLC as defined by the FLSA and the PMWA. Defendants deny the remaining allegations in paragraph 21.

22. Defendants admit that Keane Group Holdings, LLC was Hickson's "employer" as defined in the FLSA and the PMWA as a QHSE Coordinator. Defendants deny the remaining allegations in paragraph 22.

23. Defendants admit the allegations in paragraph 23.

**Larry Villa**

24. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 24 and, therefore, deny same.

25. Defendants admit that Villa was employed as a Wireline Supervisor 2 from November 2, 2015 to October 5, 2016. Defendants deny the remaining allegations in paragraph 25.

26. Defendants admit that Villa was an "employee" of Keane Group Holdings LLC as defined by the FLSA. Defendants deny the remaining allegations in paragraph 26.

27. Defendants admit that Keane Group Holdings LLC was Villa's "employer" as defined in the FLSA. Defendants deny the remaining allegations in paragraph 27.

28. Defendants admit the allegations in paragraph 28.

**Christopher Wilkins**

29. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 29 and, therefore, deny same.

30. Defendants admit that Wilkins has been employed by Keane from approximately January, 2015 to present as a Wireline Supervisor II.

31. Defendants admit that Wilkins was an "employee" of Keane Group Holdings, LLC as defined by the FLSA. Defendants deny the remaining allegations in paragraph 31.

32. Defendants admit that Keane Group Holdings LLC was an "employer" as defined in the FLSA and PMWA. Defendants deny the remaining allegations in paragraph 32.

33. Defendants admit the allegations in paragraph 33.

## **DEFENDANTS**

34. Defendants deny the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

38. Defendants deny the allegations in paragraph 38.

**Keane Group Holdings, LLC.**

39. Defendants admit that Keane Group Holdings LLC has employed oilfield workers in worksites in various locations in the United States. Defendants deny the remaining allegations in paragraph 39.

40. Defendants admit the allegations in paragraph 40.

41. Defendants admit the allegations in paragraph 41.

42. The allegations in paragraph 42 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

44. Defendants admit that Keane Group Holdings LLC has annual gross business volume in excess of the statutory standard. Defendants deny the remaining allegations in paragraph 44.

**Keane Frac TX, LLC**

45. Defendants deny the allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

47. Defendants admit the allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48.

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50.

**Keane Frac, LP**

51. Defendants deny the allegations in paragraph 51.

52. Defendants admit the allegations in paragraph 52.

53. Defendants admit the allegations in paragraph 53.

54. Defendants deny the allegations in paragraph 54.

55. Defendants deny the allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56.

57. Defendants deny the allegations in paragraph 57.

**Keane Frac GP LLC**

58. Defendants deny the allegations in paragraph 58.

59. Defendants admit the allegations in paragraph 59.

60. Defendants admit the allegations in paragraph 60.

61. Defendants deny the allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62.

63. Defendants deny the allegations in paragraph 63.

**Keane Frac ND, LLC**

64. Defendants deny the allegations in paragraph 64.

65. Defendants admit the allegations in paragraph 65.

66. Defendants admit the allegations in paragraph 66.

67. Defendants deny the allegations in paragraph 67.

68. Defendants deny the allegations in paragraph 68.

69. Defendants deny the allegations in paragraph 69.

## **FACTS**

70. Defendants deny the allegations in paragraph 70.

**Tony Hickson**

71. Defendants admit the allegations in paragraph 71.

72. Defendants deny the allegations in paragraph 72.

73. Defendants admit they paid Hickson as a salaried exempt employee. Defendants deny the remaining allegations in paragraph 73.

74. Defendants deny the allegations in paragraph 74.

75. Defendants deny the allegations in paragraph 75.

76. Defendants deny the allegations in paragraph 76.

77. Defendants deny the allegations in paragraph 77.

78. Defendants admit that Hickson was required to wear personal protective equipment ("PPE") and that he was required to work in various weather conditions. Defendants deny the remaining allegations in paragraph 78.

79. Defendants deny the allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80.

**Larry Villa**

81. Defendants admit the allegations in paragraph 81.

82. Defendants deny the allegations in paragraph 82.

83. Defendants admit that they paid Villa as a salaried exempt employee. Defendants deny the remaining allegations in paragraph 83.

84. Defendants deny the allegations in paragraph 84.

85. Defendants deny the allegations in paragraph 85.

86. Defendants admit that Villa was required to wear personal protective equipment ("PPE") and was required to work in various weather conditions. Defendants deny the remaining allegations in paragraph 86.

87. Defendants deny the allegations in paragraph 87.

88. Defendants deny the allegations in paragraph 88.

89. Defendants deny the allegations in paragraph 89.

**Christopher Wilkins**

90. Defendants admit that Wilkins has been employed by Keane as a Wireline Supervisor II from approximately January, 2015 to present, and that he has been primarily assigned to Keane's Odessa, Texas territory during his employment. Defendants' deny the remaining allegations in paragraph 90.

91. Defendants deny the allegations in paragraph 91.

92. Defendants admit they paid Wilkins a salary and job bonus. Defendants deny the remaining allegations in paragraph 92.

93. Defendants deny the allegations in paragraph 93.

94. Defendants deny the allegations in paragraph 94.

95. Defendants admit that Wilkins was required to wear personal protective equipment ("PPE") and that he was required to work in various weather conditions. Defendants deny the remaining allegations in paragraph 95.

96. Defendants deny the allegations in paragraph 96.

97. Defendants deny the allegations in paragraph 94.

98. Defendants deny the remaining allegations in paragraph 98.

## COLLECTIVE/CLASS ALLEGATIONS

99. The allegations in paragraph 99 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 99.

100. The allegations in paragraph 100 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 100.

101. Defendants deny the allegations in paragraph 101.

102. Defendants deny the allegations in paragraph 102.

103. The allegations in paragraph 103 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 103.

104. Defendants deny the allegations in paragraph 104, including subparts (a) and (b).

105. Defendants deny the allegations in paragraph 105.

106. Defendants deny the allegations in paragraph 106.

107. Defendants deny the allegations in paragraph 107.

108. Defendants deny the allegations in paragraph 108.

109. Defendants deny the allegations in paragraph 109.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

110. Defendants incorporate its above responses into this paragraph as if fully set forth herein.

111. Defendants admit the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants. Defendants deny the remaining allegations in paragraph 111.

112. Defendants deny the allegations in paragraph 112.

113. Defendants deny the allegations in paragraph 113.

114. Defendants deny the allegations in paragraph 114.

## SECOND CAUSE OF ACTION
### Pennsylvania Minimum Wage Act – Overtime Wages
### (Brought on Behalf of Plaintiff Hickson and the Pennsylvania Class)

115. Defendants incorporate its above responses into this paragraph as if fully set forth herein.

116. Defendants admit the overtime provisions of the PMWA and its supporting regulations apply to Defendants. Defendants deny the remaining allegations in paragraph 116.

117. Defendants deny the allegations in paragraph 117.

118. Defendants deny the allegations in paragraph 118.

119. Defendants deny the allegations in paragraph 119.

## PRAYER FOR RELIEF

120. Defendants deny Plaintiffs are entitled to any of the relief sought in the prayer for relief on pages 16 to 17, A through H inclusive.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's claims are barred, in whole or in part, because at all relevant times, Plaintiff and others allegedly similarly situated were exempt from any entitlement to overtime compensation.

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff and others allegedly similarly situated have not sustained any injury or damage by reason of any act or omission of Defendants.

3. Plaintiff's claims and the claims of others allegedly similarly situated are barred, in whole or in part, by the applicable statutes of limitations.

4. Plaintiff's claims and the claims of others allegedly similarly situated are barred, in whole or in part, by the doctrines of estoppel, offset and/or setoff.

5. Plaintiff's claims are barred to the extent Plaintiff lacks standing to pursue such claims.

6. To the extent that Plaintiff and others allegedly similarly situated were paid compensation beyond that to which they were entitled while employed by Defendants, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

7. Defendants' failure to pay Plaintiff and other allegedly similarly situated overtime wages, if any, was in good faith conformity with and in reliance upon an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor.

8. If Defendants' failure to pay overtime wages, if any, was unlawful, Plaintiff has not demonstrated and cannot demonstrate facts sufficient to warrant an award of liquidated damages.

9. If Defendants' failure to pay overtime wages, if any, was unlawful, none of Defendants' actions or omissions constituted a willful violation of the FLSA.

10. Assuming, *arguendo*, that Plaintiffs, and/or others allegedly similarly situated, are entitled to any overtime compensation, any time spent in any noncompensable preliminary or postliminary activities must be excluded from compensable hours of work.

11. Any amount of compensation claimed or sought by Plaintiffs and/or others allegedly similarly situated, is not to the extent alleged, and Defendants are entitled to a statutory credit towards overtime compensation sought under 29 U.S.C. §207.

12. Plaintiffs and/or others allegedly similarly situated have sustained no damages. To the extent Plaintiff, and/or others allegedly similarly situated, can establish the existence of

any damages, the amount of compensation claimed or sought is *de minimis*, which is not actionable under the FLSA and/or the PMWA.

13. At all relevant times, Plaintiffs and/or others allegedly similarly situated were compensated by Defendants at a rate that exceeded the minimum wage set forth in the PMWA.

14. Plaintiffs and the others allegedly similarly situated are not entitled to both prejudgment interest and liquidated damages under the FLSA.

15. Notwithstanding the decision of the Third Circuit Court of Appeals in *Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012), FLSA collective action claims and a Rule 23 class action claim under the PMWA may not proceed together in the same lawsuit.

16. Defendants deny the existence of an ascertainable common class making such an action appropriate.

17. Plaintiffs are not similarly situated to the corresponding proposed class members for the purposes of the FLSA.

18. Plaintiffs cannot satisfy the requirements for a collective action under the FLSA, thus barring collective action treatment because, *inter alia*, the proposed class members are not similarly situated and/or do not meet the numerosity requirement.

19. Plaintiffs' purported class claims should be dismissed, in whole or in part, because the types of claims alleged by Plaintiffs on behalf of themselves and the purported class members are matters in which individualized questions of fact and proof of damages predominate, defeating the purported efficiency of the class action device and risking Seventh Amendment rights.

20. The Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claim.

21. This lawsuit is not properly brought as a class action under Section 216 of the Fair Labor Standards Act because the members of the purported class are not similarly situated.

22. This lawsuit is not properly brought as a class action because determination of liability and/or damages would require individualized inquiries. Additionally, individualized issues predominate over any common issues that may exist and requires an analysis of each putative class member to determine hours worked, individualized damages, and applicable exemptions.

23. This lawsuit is not properly brought as a class action under Rule 23 of the Federal Rules of Civil Procedure because the purported class is not so numerous that joinder of all members is impracticable;

24. This lawsuit is not properly brought as a class action under Rule 23 of the Federal Rules of Civil Procedure because there are no common claims.

25. This lawsuit is not properly brought as a class action under Rule 23 of the Federal Rules of Civil Procedure because the claims and defendants of the representative parties are not typical of the claims or defenses of the purported class members.

26. Defendants reserve the right to assert additional affirmative defenses or defenses of which it becomes knowledgeable during the course of discovery.

Dated: June 19, 2017

Respectfully submitted,

*/s/ Carrie B. Hoffman*

Carrie B. Hoffman
Texas Bar No. 00787701
Sandra L. Jonas
Texas Bar No. 24091631
GARDERE WYNNE SEWELL LLP
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-4262
Facsimile: (214) 999-3262
E-mail: choffman@gardere.com
E-mail: sjonas@gardere.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

Pursuant to ECF rules, this document shall be electronically served to all counsel of record in this matter via the Court's Notice of Electronic Filing automatically generated by the ECF system.

*/s/ Sandra L. Jonas*
Sandra L. Jonas